McDONALD, J.,
dissenting:
|,I agree that the statute controlling this matter is La. R.S. 33:2561, which addresses appeals of actions taken by fire and police civil service boards in small municipalities and for parishes and fire protection districts. Section E of the statute provides that “[A]ny employee under classified civil service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of this Part which is prejudicial to the employee or appointing authority.” The “Part” referred to is Part III of Title 33, providing statutory law for municipalities and parishes. It also describes the procedure that must be followed to effect the appedl.
It is true that the statute states that the record be filed with “the designated court.” However, I do not think that the fact that the legislature didn’t specifically identify “the designated court” means there is no statutory authority for the 22nd |2Judicial District Court to review the matter. Obviously, the purpose of the statute is to establish the right of an appeal. I do not think it is beyond the capabilities or function of the judiciary to interpret the statute so as to give effect to the legislative intent.
Title 33 of the revised statutes deals with municipalities and parishes. It creates numerous districts, e.g. water and sewerage districts, boards and commissions. Title 33, chapter 4 provides for Fire and Police Departments. Title 33, chapter 5 provides for Civil Service. Part I of chapter 5 applies to civil service for cities of over 100,000 population; Part II applies to fire and police civil service law for municipalities between 13,000 and 250,-000; Part III applies to fire and police civil service for small municipalities and for parishes and fire protection districts.
The legislature puts forward, in some detail, how these boards and commissions will operate and what functions they are to perform. These include provisions regarding establishment and maintenance of employment lists, promotional testing, reinstatement and reemployment rights, to name a few. One legislative purpose is to protect government employees from discriminatory and prejudicial actions in the workplace for reasons other than the capacity and fitness to hold the position. This legislative purpose is applicable to all persons serving in fire and police departments. Both individuals and the appointing authorities have the right to appeal decisions of the Boards in Parts I and II. I do not think the legislature intended, nor would any governmental purpose be served, by creating different substantive rights dependant on the size of the community in which one lives.
*436 Generally, it is not the province of the judiciary to intrude on the authority of a fire or police chief to promote the person of his or her choice. However, it is the function of the judiciary to insure that the procedure by which positions are filled ^conform to the statutory requirements, and that the safeguards enacted for the protection of classified civil service employees are observed. Further, the Louisiana Constitution, Art. 10 § 17 provides:
Permanent appointments and promotions in municipal fire and police civil service shall be made only after certification by the applicable municipal fire and police civil service board under a general system based upon merit, efficiency, fitness, and length of service as provided in Article XIV, Section 15.1 of the Constitution of 1921, subject to change by law enacted by two-thirds of the elected member of each house of the legislature.
I believe that Sgt. Miazza has a statutory right to an appeal to the district court of the decision of the appointing authority and confirmed by the civil service board. I believe the decision of the district court is reviewable by a court of appeal. Therefore, I respectfully dissent.